## CLELAND v. CLARK.

1. APPEAL—DISSOLUTION OF ATTACHMENT—OBJECTIONS NOT RAISED BELOW.

An objection that, under 2 How. Stat. § 8030, appeal, and not *certiorari*, is the proper remedy by which to obtain a review in the circuit court of proceedings before a commissioner for the dissolution of an attachment, cannot be raised for the first time in the Supreme Court.

2. ATTACHMENT—PROCEEDINGS FOR DISSOLUTION—SERVICE OF CITATION—ATTORNEYS.

The attorney for an attachment creditor, both of whom are nonresidents of the county in which the action is pending, is not privileged from service of citation in interlocutory proceedings to dissolve the writ, while in the county for the purpose of trying the principal suit.

3. SAME—CONSTRUCTION OF STATUTE.

Under 2 How. Stat. § 8028, providing that the citation in proceedings to dissolve an attachment shall be served by reading it to the plaintiff, if found within the county, and, if not, that it may be served upon his agent or attorney, service upon the attorney without reading the citation to him is insufficient.

*Certiorari* to Muskegon; Russell, J. Submitted November 12, 1896. Decided December 24, 1896.

Attachment proceedings by Daniel Cleland against John H. Clark. The circuit court commissioner, upon defendant's petition, entered an order dissolving the attachment, and plaintiff removed the proceedings to the circuit court by *certiorari*. From a judgment affirming the order of dissolution, plaintiff brings *certiorari*. Reversed.

*Arthur Lowell* (*C. H. Gleason* and *R. J. Cleland*, of counsel), for appellant.

*Chamberlain & Cross*, for appellee.

MOORE, J.   On or about March 2, 1895, appellant, as plaintiff, procured a writ of attachment to be issued out of the Muskegon circuit against the goods, chattels, and real estate of John H. Clark, who was then sued with one Zacheus C. Dyer as codefendant.   This attachment was levied on certain lands in said county as the lands of said John H. Clark on or about March 22, 1895.   On the 16th day of December, 1895, said attachment case came on for trial.   The trial was ended on the 17th day of December following, when plaintiff recovered judgment against said defendant.   On the 16th day of December, John H. Clark presented his petition to a circuit court commissioner for the county of Muskegon, and procured a citation as commencement of proceedings to dissolve said attachment, which citation was returnable December 20, 1895.   The citation was served upon appellant by delivering a triplicate original to both appellant and his attorney.   It was not read to either of them. Appellant and his attorney were both nonresidents of the county of Muskegon, and only present at the time of service for the purpose of trying the attachment case before mentioned.   The only allegation, in the petition for dissolution of attachment, that the said Clark had any interest in the property attached, is as follows:

"Your petitioner further shows that the legal title to said described parcel of land is in one Isaac Manchester, but that your petitioner is entitled to the possession thereof under a contract for sale of land, and that the said described parcel of land, or a portion thereof, constitutes the homestead of your petitioner.   *   *   *   And your petitioner therefore prays that the said attachment may be dissolved, and that the lands and property so seized and taken under said attachment may be wholly released therefrom, and may be restored to this defendant, who is still entitled to the full and free possession and enjoyment thereof."

On the return day of the citation, appellant appeared for the purpose of making a motion to dismiss the proceedings for dissolution of attachment, for the reasons:

111 MICH.—22.

1. That there had been no service of the citation as required by law; consequently, the court had no jurisdiction.

2. That, as both the appellant, who was plaintiff in attachment, and his attorney, were nonresidents of the county in which the proceedings were begun, and as they were only present in that county for the purpose of attending upon the court then sitting, in the trial of the cause in which they were both interested, no service was made.

3. That the return of the officer on the citation did not show that any copy thereof was served.

4. That the petition nowhere alleged that the petitioner was, at the time of making the petition, the owner of the land attached.

5. That the petition did not allege that the petitioner was the owner of the land, or that he was entitled to the possession, at the time the attachment was levied.

6. That the petition did not allege sufficient facts to warrant a conclusion, as alleged, that it was his homestead.

Said motion was overruled by the commissioner, and the defendant had judgment that the attachment be dissolved, and for his costs. Plaintiff then removed said cause to the circuit court for the county of Muskegon by *certiorari*, where the judgment of the said circuit court commissioner was affirmed. The case is brought here for review by *certiorari*.

It is now the claim of the defendant that plaintiff has mistaken his remedy,—that since 1881 (2 How. Stat. § 8030) the remedy is by appeal, and not *certiorari*. No claim of that sort was made in the circuit court, and we think it too late to insist upon it here.

The circuit judge returns that, in the hearing before him, it was not contended that the service upon the plaintiff was legal; so that the only question necessary to consider here, in relation to the service, is, was the service upon the attorney sufficient? It is claimed by the plaintiff, and admitted by defendant, that there could be no service of the citation upon the plaintiff, for the reason that he was not a resident of the county. It is also his

claim that there could be no service upon the attorney for the plaintiff, because he was in the county solely for the purpose of attending court, and was privileged. We think it a complete answer to this contention to say that his attendance upon court was to try the same cause in which the interlocutory proceedings were instituted. We can see no reason for saying that service of papers in an interlocutory proceeding in the same case cannot be made. To so hold would be very unjust.

2 How. Stat. § 8028, contemplates service upon the attorney under some circumstances. It is urged, in addition to the reason already assigned, that the service on the attorney was not good because, instead of serving a copy, a triplicate original was served, and the citation was not read to the attorney. We think the service on the attorney was insufficient. The service was by delivering a triplicate original of the citation, and the citation was not read to the attorney. The statute provides that the citation shall be served three days, at least, before the return day thereof, by reading it to plaintiff in attachment, if found within the county, and, if not, then the same may be served upon the agent or attorney of the plaintiff, by the sheriff, either of his deputies, or any constable, etc. We think it is clear that the service is to be made in the same manner, whether served upon the agent or attorney or the plaintiff himself. No other method of service is prescribed by the statute, and it must be held that, where the alternative of serving upon the agent or attorney is resorted to, the method prescribed for service governs.

The order should be reversed.

The other Justices concurred.